# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:25-CR-00092- |
| § | ALM-BD |
| OMAR IVAN DE JESUS ARGUEDA (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Omar Ivan de Jesus Argueda's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 20, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Lesley Brooks.

Defendant was sentenced on April 13, 2022, before The Honorable Ivan L. Lemelle of the Western District of Texas after pleading guilty to the offense of Conspiracy to Transport Illegal Aliens, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months. Defendant was subsequently sentenced to 21 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include residential reentry center; alcohol abstinence; substance abuse treatment and testing; mental health treatment; medication monitoring; no new credit; no contact with Paisas gang; a $1,000 fine; and a $100 special assessment. On September 1, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On October 22, 2024, the term of supervised release was revoked, and Defendant was sentenced to 8 months imprisonment followed by a 28-month term of supervised release. On December 4, 2024,

REPORT AND RECOMMENDATION – Page 1

Defendant completed his period of imprisonment and commenced the new term of supervision. On June 12, 2025, jurisdiction was transferred from the Western District of Texas to the Eastern District of Texas, and the case was reassigned to the Honorable Amos L. Mazzant, III, Chief U.S. District Judge.

On August 1, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall refrain from any unlawful use of a controlled substance; (2) <u>Special Condition</u> Defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, Defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription; (3) <u>Standard Condition</u> After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and Defendant shall report to the probation officer as instructed. Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer; and (4) <u>Special Condition</u> Defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program shall include testing and examination to determine if Defendant has reverted to the use of drugs and alcohol. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). Defendant shall pay the costs of such treatment if financially able. (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On March 6, 2025, Defendant reported to the U.S. Probation Office and signed an admission form admitting to using cocaine; (2) On May 28, 2025, Defendant submitted a urine sample at the U.S. Probation Office

which tested positive for cocaine. The sample was forwarded to the national laboratory where it was confirmed; (3) Defendant failed to report to the probation office as directed on May 7, July 1, and July 17, 2025. On June 24, 2025, Defendant was instructed to report to the U.S. Probation Office so that the probation officer could discuss treatment options for his continued drug use. Defendant reported to the lobby of the probation office, but when he was told he would be drug tested, Defendant left and did not return; and (4) Defendant failed to submit to drug testing as directed by the random drug testing program on May 7; June 24; July 1; and July 17, 2025. On June 24, 2025, Defendant reported to the U.S. Probation Office as instructed by the U.S. Probation Officer. However, when Defendant was told he would need to submit a urine specimen as part of the random drug testing program, Defendant stated he needed to get some water. Defendant then left the probation office and did not return. Defendant failed to successfully complete the residential substance abuse treatment program at the Sam Rayburn VA Hospital in Bonham, TX. Defendant entered the 12-week program on March 7, 2025, and voluntarily left within less than 30 days. (Dkt. #2 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1–4 in the Petition. Having considered the Petition and the plea of true to allegations 1–4, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of eight (8) months, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons medical facility in Fort Worth, Texas, if appropriate.

**SIGNED this 27th day of August, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE